**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3102-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

QUMERE MCCLENDON,
a/k/a QUMERE JAQUELL
MCCLENDON,

     Defendant-Appellant.

_____

Submitted January 18, 2024 – Decided July 24, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-09-0125.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Qumere McClendon appeals from an April 5, 2022 order denying his second petition for post-conviction relief (PCR) based on ineffective assistance of counsel, filed nearly three years after the court denied his first PCR petition. Defendant claims the second PCR court erred in denying him an evidentiary hearing on claims his PCR counsel rendered ineffective assistance by failing to argue trial counsel was ineffective for not: investigating allegations of wrongdoing by the State's expert witness, challenging the imposition of consecutive sentences, challenging the applicability of the child endangerment statute to defendant, challenging jury instructions, raising an A.D.G.[1] objection to the admissibility of his statements to police, and advising defendant about the consequences of pleading guilty in a separate case. The court found defendant's PCR petition untimely and without merit. We agree and affirm.

We previously affirmed defendant's conviction and sentence on direct appeal and recount only the facts pertinent to this appeal. Defendant was convicted by a jury in 2011 of first-degree aggravated manslaughter and first-degree felony murder, among other offenses, arising from the death of Keith

---

[1] State v. A.G.D., 178 N.J. 56 (2003).

Mason, who was shot and killed by defendant during a robbery. Defendant also convicted of second-degree conspiracy to commit burglary and robbery, second-degree tampering with a witness, second-degree certain persons not to have weapons, and third-degree endangering the welfare of Mason's young son, who was found near the body of his slain father. State v. McClendon, No. A-0589-11 (App. Div. March 7, 2014) (slip op at 3-9). The Supreme Court denied defendant's petition for certification. State v. McClendon, 219 N.J. 628 (2014).

Defendant filed a timely petition for PCR on January 22, 2015, arguing his trial and appellate counsel had been ineffective by failing to: object to the testimony of the State's medical examiner who did not perform the autopsy of the victim, challenge the legality of defendant's arrest and custodial interrogation, call defendant and his mother to testify at the suppression hearing, and properly advise him on whether to testify at trial. State v. McClendon, No. A-4731-16 (App. Div. Jan. 29, 2019) (slip op at 4-5).

Without conducting an evidentiary hearing, the first PCR court denied defendant's petition on January 30, 2017, following oral argument on procedural and substantive grounds. We affirmed the first PCR court's denial of defendant's petition on January 29, 2019. Id. at 5. We held defendant had failed to sustain his burden of proving a prima facie claim of ineffective assistance of trial or

3

appellate counsel under Strickland[2] and determined defendant had presented no facts in support of his claims he was deprived of effective assistance of counsel as counsel had no obligation to advance meritless issues. Id. at 8-11. Specifically, as to defendant's claim he was unlawfully arrested and his statement to police should have been suppressed, we agreed with the first PCR court's determination this argument was procedurally barred because it had been raised and rejected on direct appeal. Id. at 8-9.

On November 18, 2019, defendant filed a second PCR petition alleging ineffective assistance of his first PCR counsel, which is the operative petition at issue in this appeal.

On April 5, 2022, in an oral decision, the court denied defendant's second PCR petition as "clearly" untimely and concluded that defendant had "failed to establish a prima facie case of ineffective assistance of counsel, and is not entitled to an evidentiary hearing [under Rule 3:22-10(b)]." The court determined that "appellate review of defendant's conviction or prior PCR petition [did] not toll the time limitation imposed by Rule 3:22-12." Moreover, the court thoroughly addressed each of defendant's arguments and dismissed

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

4

them as either meritless or barred under Rule 3:22-5 as having been previously raised and rejected on direct appeal and in the first PCR petition.[3]

Defendant appealed, making the following arguments:

POINT I

THE PCR COURT ERRED IN FINDING THAT THE SECOND PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED.

(A) Legal Standards Governing Applications For Post-Conviction Relief.

(B) Defendant's Second Petition for Post-Conviction Relief Is not Procedurally Barred.

POINT II

BECAUSE MR. MCCLENDON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING MR. MCCLENDON'S SECOND PETITION FOR PCR.

(A) Legal Standards Governing Applications For Post-Conviction Relief.

(B) Defense Counsel were Ineffective for Failing to Object to Erroneous Jury Instructions or Raise a Jury Instruction Argument on Appeal.

---

[3] Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." [R. 3:22-5.]

A-3102-21

(C) Defense Counsel were Ineffective for Failing to Challenge the Applicability of N.J.S.A. 2C:24-4(a), Child Endangerment to the Facts.

(D) Defense Counsel were Ineffective for Failing to Challenge the Imposition of Consecutive Sentences for Witness Tampering and Child Endangerment.

(E) Defense Counsel were Ineffective Because They Failed to Investigate Allegations of Wrongdoing by the State's Expert Witness and Failed To Assert Brady[4] and Giglio[5] Violations.

(F) Defense Counsel was Ineffective When She Advised Defendant To Plead Guilty and be Sentenced on an Unrelated Case with the Result that He Received Gap Time Credit Instead of Jail Credit.

(G) Defense Counsel were Ineffective for Failing to Raise an A.G.D. Objection to the Admissibility of the Statements to the Police.

Defendant also filed a pro se brief with two additional arguments:

POINT [I]

DEFENSE WAS INEFFECTIVE FOR FAILING TO RAISE AN A.G.D. OBJECTION TO THE ADMISSIBILITY OF [HIS] STATEMENT POLICE.

POINT II

DEFENDANT'S CONSTITUTIONAL RIGHT TO AN UNANIMOUS JURY VERDICT WAS VIOLATED[.]

---

[4] Brady v. Maryland, 373 U.S. 83 (1963).

[5] Giglio v. U.S., 405 U.S. 150 (1972).

A-3102-21

Defendant acknowledges that his second PCR petition was not filed within one year of the denial of the first PCR petition but argues that it was nonetheless timely because it was filed within one year of our affirmance of the denial of his first PCR petition.

Under Rule 3:22-12(a)(2), no second or subsequent petition for PCR, "[n]otwithstanding any other provision in [Rule 3:22-12] . . . shall be filed more than one year after the latest of":

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2)(A) to (C).]

A-3102-21

When a petitioner files a second or subsequent PCR, he must meet the requirements set forth in Rule 3:22-4. Rule 3:22-4(b)(1) requires dismissal of a second PCR petition if untimely under Rule 3:22-12(a)(2).

Application of those Rules makes plain the PCR court was correct in dismissing defendant's second PCR petition as untimely. Defendant filed his second petition on November 18, 2019, almost three years after the court denied his first PCR petition on January 30, 2017. Under Rule 3:22-12(a)(2)(A)-(C), the one-year time limitation in which to file a second or subsequent PCR petition is not subject to relaxation. Moreover, under Rule 3:22-12(a)(2) and Rule 3:22-4(b), the one-year period began to run on January 30, 2017, the date the first PCR court denied his first petition. See State v. Szemple, 247 N.J. 82, 98 (2021) (explaining "[s]econd or subsequent petitions are barred unless they are filed within one year of the denial of the previous PCR petition"); State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (beginning calculation of the one-year period on the day the first PCR petition was denied, even though the defendant had filed an appeal with this court and subsequently filed a petition for certification with the Supreme Court).

Accordingly, given the passage of more than one year between the denial of defendant's first petition and filing of the second PCR petition, the court

properly dismissed defendant's second PCR petition. We therefore reject defendant's argument the one-year window for filing his second PCR petition began on January 29, 2019, the date of our decision affirming the denial of his first PCR petition, and agree with the PCR court that defendant's second petition was untimely.

Although the PCR court concluded defendant's second PCR petition was untimely, the court analyzed the merits of each of defendant's claims, thoroughly explaining why none would have established a prima facie case of ineffective assistance of counsel, entitling defendant to an evidentiary hearing. The court also noted that PCR counsel could not be deemed ineffective for failing to raise meritless arguments. See State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

To establish a right to relief under Strickland, a petitioner must show not only that his attorney rendered ineffective assistance of counsel, but that the attorney's substandard representation prejudiced the defense. See Strickland, 466 U.S. at 687. Here, the PCR court determined that in defendant's second petition "the alleged deficiencies of prior counsel raised by [p]etitioner are numerous, and at times, exactly the same as those previously raised and disposed

9

of at his PCR or in appeal."[6] State v. McQuaid, 147 N.J. 464, 484 (1997) ("when the issue of ineffective assistance of counsel has already been raised on direct appeal, it may be procedurally barred on PCR[]") (citing R. 3:22–5).

The PCR court considered the merits of defendant's claims of ineffective assistance, including: trial counsel was ineffective for failing to object to erroneous jury instructions, failing to seek dismissal of the endangering charge on the basis of insufficient evidence, failing to impeach the medical examiner based on evidence allegedly withheld by the State, and advising him to plead guilty in an unrelated case, and appellate and first PCR counsel were ineffective for failing to raise those claims. The PCR court found defendant had failed to make a showing under either prong of Strickland. See Strickland, 466 U.S. at 700 (explaining a failure to satisfy either prong of the Strickland standard requires rejection of a PCR petition). We agree. Based on our de novo review of these claims, defendant cannot establish PCR, appellate or trial counsel rendered constitutionally deficient performance under either prong of Strickland.

---

[6] Specifically, the court determined defendant's ineffective assistance of counsel claims on issues related to his arrest and custodial interrogation, the imposition of consecutive sentences on the witness tampering and endangering charges had been previously raised and rejected on direct appeal and in his first PCR petition.

Further, because defendant failed to establish a prima facie case of ineffective assistance of counsel under <u>Strickland</u>, no evidentiary hearing was warranted. <u>See</u> <u>State v. Marshall</u>, 148 N.J. 89, 158 (1992).

To the extent we have not specifically addressed any of defendant's arguments, it is because we have determined they are of insufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3102-21